IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVERALD S. ALLEN JR.,                )
                                     )
                  Petitioner,        )
                                     )
         v.                          )   Case No. 23-3061-JWL
                                     )
KEVIN PAYNE, Commandant,             )
United States Disciplinary Barracks, )
                                     )
                  Respondent.        )
                                     )
_____)

# **MEMORANDUM AND ORDER**

Petitioner, a military prisoner, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his convictions by court martial. For the reasons set forth below, the Court **denies** the petition. The Court also **denies** petitioner's motion for appointment of counsel (Doc. # 2).

Petitioner was convicted by military court martial of one specification of aggravated sexual assault, one specification of abusive sexual contact, and one specification of obstruction of justice. The United States Army Court of Criminal Appeals (ACCA) affirmed the convictions and petitioner's sentence, and the United States Court of Appeals for the Armed Forces (CAAF) denied review of that decision. *See United States v. Allen*, 2016 WL 1221908 (A.C.C.A. Mar. 28, 2016) (unpub. op.), *rev. denied*, 75 M.J. 404 (C.A.A.F. July 25, 2016). The CAAF also denied petitioner's petition for rehearing *en banc* and a subsequent *pro se* motion for reconsideration. *See United States v. Allen*, 75 M.J. 32 (C.A.A.F. June 26, 2018). By his present petition challenging his convictions,

petitioner asserts two claims: the factual and legal insufficiency of the evidence; and unlawful command influence.[1]

The Tenth Circuit recently clarified and reaffirmed the standard for a district court's consideration of a habeas petition filed by a military prisoner convicted by court martial. *See Santucci v. Commandant*, 66 F.4th 844, 852-71 (10th Cir. 2023). Other than questions of jurisdiction, a district court may consider the merits upon habeas review only if "the military justice system has failed to give full and fair consideration to the petitioner's claims." *See id.* at 855 (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)). A court determines whether such full and fair consideration has been given by examining the following four factors (referred to as the *Dodson* factors):

> 1. The asserted error must be of substantial constitutional dimension. 2. The issue must be one of law rather than of disputed fact already determined by the military tribunals. 3. Military consideration may warrant different treatment of constitutional claims. 4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at 856 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)). Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed. *See id.* "Putting the matter differently, petitioners' failure to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review." *See id.* at 858. "[T]his is especially so, when the factor in question is one that [the Tenth Circuit has] described as 'the most important,' that is, the fourth, adequate-

---

[1] Petitioner also asserted a claim challenging the lack of a requirement of a unanimous verdict, but he abandoned that claim after the Court noted that he had not exhausted the claim in the military courts.

2

consideration factor." *See id.* (quoting *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 671 (10th Cir. 2010)).

Petitioner cannot satisfy all four factors for either of his claims. Applying the second factor, the Court notes that neither claim involves a pure question of law. The military court panel heard the facts in evidence and weighed those facts against petitioner in finding them sufficient to support the convictions, and any challenge to the sufficiency of the evidence necessarily involves consideration of all of the facts in evidence and the credibility of the witnesses. Petitioner has not identified a legal issue involved in this claim that does not depend upon a consideration of the particular facts of the case. Petitioner's claim of unlawful command influence necessarily involves a consideration of fact-dependent elements, including the alleged statements by the President and by military commanders, whether panel members heard and were influenced by those statements, whether the proceedings were unfair, and whether the influence caused any such unfairness. *See United States v. Barry*, 78 M.J. 70, 77 (C.A.A.F. 2018) (listing the elements of a claim of unlawful command influence). The fourth *Dodson* factor also weighs against petitioner, as he failed to prevail on each of these claims before each appellate court. The fact that neither court deemed the issues sufficiently meritorious to warrant discussion does not favor petitioner, as the issues were specifically raised on appeal, and it may be presumed that the courts gave the issues adequate consideration in upholding the convictions. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986) ("When an issue is briefed and argued before a military board of review, . . . the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue . . .

3

."), *quoted in Santucci*, 66 F.4th at 875. Finally, as respondent notes, the third factor also weighs against review of the unlawful command influence claim, as that claim is peculiar to the military courts and thus uniquely military considerations could affect any constitutional analysis.

Therefore, the Court must conclude that the military courts gave full and fair consideration to petitioner's claims. Accordingly, the Court cannot review the merits of those claims, and it thus denies the petition for habeas relief.

The Court also denies petitioner's pending motion for appointment of counsel. A prisoner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, unless the court conducts an evidentiary hearing, the decision whether to appoint counsel rests in the discretion of the court. *See Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a Section 2241 petitioner if it "determines that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *See Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, a court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *See Hill*, 393 F.3d at 1115 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In this case, the application of the *Dodson* factors does not present a complex issue, and as discussed above, petitioner has not shown that those factors allow for a substantive review of his claims. Accordingly, the Court concludes that the interests of justice do not require the appointment of counsel to represent petitioner in this matter.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for appointment of counsel (Doc. # 2) is hereby **denied**.

IT IS SO ORDERED.

Dated this 30th day of June, 2023, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge