IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVERALD S. ALLEN JR.,                )
                                     )
            Petitioner,              )
                                     )
    v.                               )   Case No. 23-3061-JWL
                                     )
KEVIN PAYNE, Commandant,             )
United States Disciplinary Barracks, )
                                     )
            Respondent.              )
                                     )
_____)

## **MEMORANDUM AND ORDER**

Petitioner, a military prisoner, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenged his convictions by court martial. By Memorandum and Order of June 30, 2023, the Court denied the petition. This matter presently comes before the Court on petitioner's motion for reconsideration of that denial with respect to one claim, that of unlawful command influence (Doc. # 14). For the reasons set forth below, the Court **denies** the motion for reconsideration.[1] It furthers **denies** petitioner's motion to proceed on appeal *in forma pauperis* (Doc. # 16), and it certifies that the appeal is not taken in good faith.

In denying petitioner's unlawful command influence claim, the Court concluded that petitioner had failed to satisfy the four *Dodson* factors as required under Tenth Circuit

---

[1] Petitioner has also filed a notice of appeal from the judgment against him, but that notice becomes effective only after the Court disposes of the present motion by which petitioner seeks to alter the judgment. *See* Fed. R. App. P. 4(a)(4)(B)(i). Accordingly, the Court may address the motion.

precedent for this Court's review of the merits of the claim. *See Allen v. Payne*, 2023 WL 4361209, at *1-2 (D. Kan. June 30, 2023) (Lungstrum, J.). More specifically, the Court concluded that petitioner failed with respect to three of the factors because his claim of unlawful command influence necessarily involved a consideration of fact-dependent elements (including the alleged statements by the President and by military commanders, whether panel members heard and were influenced by those statements, whether the proceedings were unfair, and whether the influence caused any such unfairness); the claim is peculiar to the military courts, and thus uniquely military considerations could affect any constitutional analysis; and petitioner raised the issue but failed to prevail before each military appellate court. *See id.* at *2.

Petitioner now seeks reconsideration of the Court's denial of this claim. He states in his motion that the four *Dodson* factors have been met. He has not addressed those factors or the Court's consideration of them, however.[2] Thus, there is no basis for the Court to reconsider its prior application of the *Dodson* test and its denial of the clam based on that application. The Court therefore denies the motion for reconsideration.

Petitioner has also filed an application to proceed *in forma pauperis* (IFP) (without prepayment of fees). Petitioner has used a standard form offered by the Administrative Office of the United States Courts, but the form is for proceeding IFP in the district court. Because petitioner has already paid the applicable filing fee in this Court and because

---

[2] Petitioner instead addresses four elements relating to the merits of the unlawful command influence claim.

petitioner filed the application with his notice of appeal, the Court construes petitioner's application as one to proceed IFP on appeal.

Federal Appellate Rule 24(a) requires a party who desires to appeal *in forma pauperis* to file a motion in the district court. *See* Fed. R. App. P. 24(a)(1). Under that rule, the moving party must file an affidavit that shows the party's inability to pay and that states the issues that the party intends to present on appeal. *See id.* In addition, 28 U.S.C. § 1915 provides that an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that it is not taken in good faith." *See id.* § 1915(a)(3). Thus, "[i]n order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Petitioner has not included a statement of his intended appellate issue in his IFP application, but that issue is a matter of record, as petitioner's present motion is titled "Motion for Reconsideration/Appeal", and petitioner has requested therein that the document be forwarded to the Court of Appeals if reconsideration was not available in this Court. Petitioner has not, however provided a reasoned nonfrivolous argument in support of his request that the judgment on his unlawful command influence claim be reversed. As noted above, three of the four *Dodson* factors clearly preclude review of the claim's merits, and petitioner has failed to address any of those factors. Accordingly, the Court concludes that the appeal is not taken in good faith, and it so certifies by this order. The Court therefore denies the application to proceed on appeal IFP.

3

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner's motion for partial reconsideration of the denial of his petition for habeas corpus relief under 28 U.S.C. § 2241 (Doc. # 14) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed on appeal *in forma pauperis* (Doc. # 16) is hereby **denied**, and the Court certifies that petitioner's appeal is not taken in good faith.

IT IS SO ORDERED.

Dated this 7th day of August, 2023, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge